IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Becky A. Weaver and Rodney Weaver, individually and on behalf of all others similarly situated, | Civil Action No. 4:14-cv-03436-RBH |
| Plaintiffs, | |
| vs. | **O R D E R** |
| Aegon USA, LLC, f/k/a Aegon USA, Inc.; and Transamerica Life Insurance Company, f/k/a Life Investors Insurance Company of America f/k/a Equity National Life Insurance Company, | |
| Defendants. | |

This matter is before the Court on Plaintiffs' [59] Motion to Amend or Alter Judgment. Plaintiffs request the Court to modify this Court's [56] Order of September 28, 2015, which granted the defendants' motions to dismiss and dismissed the action **with** prejudice.[1] In their motion, Plaintiffs request modification of the order to dismiss the case **without** prejudice and request generally that the Court withdraw from its order "the findings, analysis, and conclusions therein regarding Transamerica's defenses to the merits of the Weavers' claims . . ." (Mot. to Alter or Amend, ECF No. 59, p. 4)

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing."

1

intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error of law* or prevent manifest injustice." Collison v. International Chemical Workers Union, 34 F.3d 233, 235 (4th Cir. 1994) (emphasis added). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. See Tran v. Tran, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

Having reviewed the Motion, Response, and Reply, the Court concludes that dismissal of the cause of action for a declaratory judgment with prejudice was appropriate. However, the motion does present a legal error by this Court relating to the dismissal with prejudice of the breach of contract and bad faith claims.

The allegations of the complaint in this case and the procedural background are set forth in detail in this Court's September order. Briefly, the plaintiffs allege that they are owners of a supplemental cancer policy issued or serviced by the defendants. Their complaint attempts to bring a class action relating to the policies on behalf of themselves and others who were not named plaintiffs in a class action formerly pending in an Arkansas state court, the "Runyan suit". After Plaintiffs' voluntary dismissal of several claims, the claims before the Court are for declaratory relief, breach of contract, and bad faith. The defendants moved to dismiss all claims on the basis of lack of subject matter jurisdiction under Rule 12(b)(1) pursuant to the Rooker-Feldman doctrine, and for failure to state a claim under Rule 12(b)(6) on the basis of the Full Faith and Credit Act, 28 U.S.C. § 1738; res judicata and collateral estoppel; the release in the Runyan judgment; the Anti-Injunction Act, 28 U.S.C. § 2283; and principles of comity and federalism.

This Court found that the plaintiffs' cause of action for declaratory relief was not barred by the Rooker-Feldman doctrine. (Order, p. 33) The Court followed the majority view of federal courts regarding the scope of collateral review of previous state court judgments and found that federal courts have subject matter jurisdiction to determine whether the procedures in the state court litigation gave a party the "full and fair opportunity" to litigate the claim, citing Gough v. Transamerica Life Ins. Co, 781 F. Supp.2d 498 (W.D. Ky. 2011) and 2 McLaughlin on Class Actions, Section 6:30 (11th ed.). This inquiry involves whether the previous court had safeguards in place to guarantee sufficient notice and adequate representation for the party and whether the safeguards were applied. Although the Court found that it had subject matter jurisdiction over the declaratory judgment cause of action[2], it granted the defendants' motion to dismiss that claim on the basis of the other grounds argued. Therefore, the Court's holding was clearly one on the merits and the declaratory judgment claim was properly dismissed with prejudice.[3]

---

[2] Plaintiffs incorrectly state in their motion that this Court found in its previous order that it lacked subject matter jurisdiction over any of the plaintiffs' claims. (Mot. to Alter or Amend, ECF No. 59, p. 3) To the contrary, the Court exercised its jurisdiction over the declaratory judgment claim and dismissed that claim for various reasons but found that it lacked jurisdiction over the breach of contract and bad faith claims.

[3] Plaintiffs assert that a dismissal on the basis of the Anti-Injunction Act is jurisdictional and that therefore the dismissal of the declaratory judgment cause of action should be without prejudice because one of the reasons given by this Court for dismissing the claim was that it was barred by the Anti-Injunction Act. However, this argument is incorrect. In Denny's, Inc. v. Cake, 364 F.3d 521 (4th Cir. 2004), the Fourth Circuit remanded the case for entry of an order dismissing the complaint on the basis of the Anti-Injunction Act pursuant to Rule 12(b)(6). See also, Baines v. City of Danville, Va., 337 F.2d 579, 593 (4th Cir. 1964) (The Anti-Injunction Act "is not a jurisdictional statute. It is a limitation upon the exercise by a District Court of its equity jurisdiction." (footnote omitted)), disapproved of (on other grounds) by Mitchum v. Foster, 407 U.S. 225 (1972).

Plaintiffs also assert that dismissal of the declaratory judgment cause of action on the basis of comity should have been without prejudice. Comity is a "judicially created rule that counsels the federal courts to exercise their mandate to protect federal rights and federal interests, where possible and fitting, in a manner that does not impede upon the legitimate domains and activities of any state." Indian Creek Monument Sales v. Adkins, 301 F. Supp.2d 555, 561 (W.D. Va. 2004). In other words, when it grants a motion to dismiss on the basis of comity, a court declines to exercise its jurisdiction. To the extent that dismissal on the basis of comity should be without prejudice, the Court amends its order to omit comity as a basis for the dismissal of the cause of action for a declaratory judgment.

3

This Court found that the Rooker-Feldman doctrine barred the breach of contract and bad faith claims. (Order, p. 36) The Court found that, even if Rooker-Feldman did not apply, the Runyan judgment is entitled to full faith and credit and the claims for breach of contract and bad faith were also barred by the doctrines of res judicata, collateral estoppel, the release in the Runyan judgment, the Anti-Injunction Act, and comity and federalism.[4] Because the Court's primary holding was that the remaining claims for breach of contract and bad faith were barred by Rooker-Feldman, the claims should be dismissed without prejudice. The Rooker-Feldman doctrine is regarded as jurisdictional. American Reliable Ins. Co. v. Stillwell, 336 F.3d 311 (4th Cir. 2003).

> The notion that Rooker-Feldman is jurisdictional "rests on two basic propositions of federal jurisdiction." One is that "Congress . . . vested the authority to review state court judgments in the United States Supreme Court alone" under 28 U.S.C. § 1257(a). The other is that "Congress has empowered the federal district courts to exercise only original jurisdiction."

Stillwell, 336 F.3d at 316.

When a court concludes that it lacks subject matter jurisdiction, then the case must be dismissed without prejudice. Interstate Petroleum Corp. v. Morgan, 249 F.3d 215 (4th Cir. 2001). The Runyan court retained jurisdiction over the settlement, and the plaintiffs should not be precluded from seeking relief from the Arkansas judgment in state court. (Order, p. 56) The Court therefore finds that dismissal of the breach of contract and bad faith claims with prejudice was not appropriate and therefore amends its order to reflect that these claims are dismissed without prejudice.

---

[4] Plaintiffs contend that the Court improperly made alternative findings on the merits after concluding that it lacked jurisdiction under Rooker-Feldman. Contrary to their argument, courts routinely make alternative findings in this situation. See e.g., Field v. Berman, 526 Fed. App'x 287, note 5 (4th Cir. 2013)(Fourth Circuit affirmed dismissal of claims on the basis of Rooker-Feldman doctrine and stated that it was therefore unnecessary to reach the alternate ground of res judicata found by district judge).

4

Therefore, Plaintiffs' motion to modify the Order of September 28, 2015 is **GRANTED IN PART AND DENIED IN PART**.  The order and judgment are modified to provide that the breach of contract and bad faith claims are dismissed without prejudice.  The declaratory judgment claim is dismissed with prejudice, as provided in the September 28, 2015 order, and the Court further omits comity as a ground for the dismissal of the declaratory judgment claim.

**AND IT IS SO ORDERED**.

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Florence, S.C.  
April 19, 2016